**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

| | |
|---|---|
| **PHILLIP STALLWORTH;**<br>**DARIUS SHINES** | **PLAINTIFFS** |
| **V.**                2:24CV00184 JM | |
| **FLATFOOT TRUCKING, LLC; AND**<br>**JAMES D. WATKINS** | **DEFENDANTS** |

**<u>ORDER</u>**

On May 24, 2024, Plaintiff Phillip Stallworth was driving westbound on Interstate 40 in St. Francis County, Arkansas. Plaintiff Darius Shines was a passenger in the vehicle. At the same time, Defendant James D. Watkins was operating a tractor-trailer owned by his employer, Defendant Flatfoot Trucking, LLC ("Flatfoot"). Watkins was transporting cattle when suddenly his trailer caught on fire. Cattle escaped from the trailer and subsequently entered the roadway on Interstate 40. Plaintiffs' vehicle struck one of the cows that had entered the roadway and Plaintiffs were injured.

Plaintiffs filed suit against the Defendants alleging negligence, respondeat superior, negligent hiring, negligent training, negligent supervision, retention, and monitoring and ratification. Pending is the Defendants' motion for partial summary judgment. Plaintiffs have responded. For the reasons stated below, the motion is granted in part and denied in part.

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, [to] point out to the District Court, that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent s burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Defendants seek partial summary judgment on Plaintiffs' claims for direct negligence against Flatfoot because Flatfoot has admitted that Watkins was an agent of Flatfoot at the time of the accident, and therefore the claims for direct negligence against Flatfoot are barred under the *Elrod* doctrine. Defendants also contend that they are entitled to partial summary judgment

on the issue of punitive damages because Plaintiffs' have not provided sufficient evidence to support the claim.

Plaintiffs respond that two exceptions exist to the *Elrod* doctrine, and both are applicable to this case. The Elrod doctrine does not apply when (1) a defendant's policies/procedures are at issue or (2) where punitive damages are in play. Plaintiffs argue that Flatfoot's policies and procedures are at issue because there is a question of fact as to whether Flatfoot properly maintained and inspected its equipment as evidenced by the testimony of Ryan Fuchser, Flatfoot's corporate representative, that the fire was caused by a brake or bearing failure on the rear axle of the Flatfoot trailer. Further, Plaintiffs argue there is evidence that Flatfoot allowed drivers, including Watkins, to drive Flatfoot trucks in violation of the Federal Motor Carrier Safety Act. Specifically, Plaintiffs point to the testimony of Fuchser who admits that there was no documentation of a pre-hiring drug screen or a proper employment application in Watkins' file. Plaintiff contends that this is not only evidence of policy and procedure failures but also complete disregard of the public's safety to support punitive damages.

The Court finds there is a question of fact regarding whether Flatfoot properly serviced and maintained its equipment. Therefore, Plaintiffs may present evidence of Flatfoot's direct negligence as to this issue. There is no evidence that Flatfoot's failure to require pre-hiring drug testing of Watkins or to maintain Watkins's written employment application on file was in any way related to the accident. The Court finds that this evidence does not create an exception to the *Elrod* doctrine and is not relevant in this case.

Arkansas Code Section 16-55-206 states:

In order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:

(1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or

(2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

Ark. Code Ann. § 16-55-206 (West). Punitive damages may be awarded only when the evidence is "clear and convincing." Ark. Code Ann. § 16-55-207. Under Arkansas law, "punitive damages may be imposed if the defendant acted with such willfulness, wantonness, or conscious indifference to consequences that malice may be inferred" and that "[t]he motive of the defendant is material in determining whether ... his acts evinced an intent and disposition to do a wrongful act greatly injurious to another.'" Brill, Arkansas Law of Damages, §§ 9–1 & 9–2. Nothing in the summary judgment record would permit a reasonable jury to find that the Defendants had a motive, intent or disposition to do anything injurious to others.

For these reasons, Defendants' motion for partial summary judgment (Dkt. No. 15) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 18th day of February, 2026.

_____
James M. Moody Jr.
United States District Judge

4